## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>Plaintiff,<br><br>vs.<br><br>**ARTHUR U. SAN AGUSTIN,** *et al.,*<br>DOB: 01/01/1965<br><br>Defendant. | **Criminal Case No. CF0446-23**<br><br>**DECISION AND ORDER DENYING DEFENDANT'S RENEWED STATEMENT OF OBJECTION**<br>**7 G.C.A. § 6107** |

## INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on October 11, 2023, for the limited purpose of reviewing a Renewed Statement of Objection 7 G.C.A. § 6107 ("Renewed Objection") filed by Arthur U. San Agustin ("Defendant") on October 2, 2023. Defendant objects to the Honorable Presiding Judge Alberto C. Lamorena III ("Presiding Judge Lamorena") presiding over this case due to Presiding Judge Lamorena's relationship with Governor of Guam, Lourdes A. Leon Guerrero ("Governor Leon Guerrero") and her family. Presiding Judge Lamorena denies that his connection to the Leon Guerrero family compels his disqualification in this case. Upon consideration of the parties' positions and the applicable law, the Court hereby **DENIES** Defendant's Renewed Objection.

## BACKGROUND

The People of Guam indicted Defendant on fifteen counts of Tampering with Public Records (as a Third Degree Felony), one count of Obstructing Governmental Functions (as a

Misdemeanor), and one count of Official Misconduct (as a Misdemeanor). Superseding Indictment at 1-10 (Aug. 21, 2023). All seventeen charges against Defendant include a Special Allegation of Crime Against the Community under 9 G.C.A. § 43.31(a)(1); each alleges that Defendant "**as Director of Guam Public Health and Social Services**, did knowingly take action regarding government services . . . creat[ing] a threat to the public health and safety[.]" *See id.* (emphasis in originals).

On August 2, 2023, the case was assigned to Presiding Judge Lamorena. *See* Notice of Judge Assignment (Aug. 2, 2023). On August 22, 2023, Defendant filed a Statement of Objection [7 G.C.A. § 6107] ("First Objection"), which argued for Presiding Judge Lamorena's disqualification because the Presiding Judge "is biased in favor of [Attorney General] Moylan and thus the People of Guam," and because the Presiding Judge "supports and endorses [Attorney] General Moylan's actions." First Objection at 6 (Aug. 22, 2023). Presiding Judge Lamorena filed an Answer to the First Objection, denying Defendant's allegations. *See* Answer to Statement of Objection (Aug. 25, 2023). The issue of disqualification was then referred to the Honorable Alberto E. Tolentino ("Judge Tolentino"). On September 11, 2023, Judge Tolentino issued a Decision and Order denying Defendant's request to disqualify Presiding Judge Lamorena. *See* Dec. & Order (Sept. 11, 2023). Defendant filed a Motion for Reconsideration of this decision, which Judge Tolentino also denied. *See* Dec. & Order (Sept. 26, 2023).

On October 2, 2023, Defendant filed his Renewed Objection, now arguing that Presiding Judge Lamorena must be disqualified from this case due to his personal relationship with the Leon Guerrero family. Defendant cites another recent criminal case, *People of Guam v. Richard Y. Ybanez, et al.;* Criminal Case No. CF0447-23 (hereafter, "*Ybanez* case"), where Presiding Judge Lamorena disqualified himself based on his relationship with the Leon Guerrero family.

Renewed Objection at 1-2 (Oct. 2, 2023). In disqualifying himself from the *Ybanez* case,

Presiding Judge Lamorena explained:

1. This case involves close analysis of the inner-workings of the Government of Guam and Governor Lou Leon-Guerrero's [sic] administration.
2. I have a close relationship with the Leon-Guerrero [sic] family. This relationship may provoke speculation and doubt in a reasonable person regarding the undersigned's partiality as the assigned judge in the current matter. That, in turn, raises reasonable questions in the minds of litigants and the public about the fairness of the proceedings and the overall integrity of the process.
3. Based on the facts and reasons set forth above, the relationship that exists between the Leon-Guerrero [sic] family and the undersigned presents an appearance of bias and impropriety that warrants disqualification in the current matter.

Renewed Objection, Ex. B at 1-2 (Sept. 26, 2023).

Defendant asserts that this case will "involve even closer analysis of the inner-workings

of the Government of Guam and Governor Leon Guerrero's administration" than the *Ybanez*

case. Renewed Objection at 3. Defendant notes that he was appointed by Governor Leon

Guerrero to be the Director of the Department of Public Health and Social Services ("DPHSS"),

which is "a line agency in the Executive Branch of the Government of Guam . . . under the direct

supervision" of Governor Leon Guerrero. *Id.* at 2. He claims that issues related to the Governor's

actions, budgeting, and communications with DPHSS will be put at issue in the case. *Id.* at 2-3.

He also claims that to resolve other pending motions in this case, he will need to call "the

custodian of record for the office of the Governor of Guam" as a witness. *Id.* at 2.

On October 6, 2023, Presiding Judge Lamorena issued an Answer to the Renewed

Statement of Objection ("Answer"). Presiding Judge Lamorena acknowledged that he

disqualified himself in the *Ybanez* case, and stated he did so after learning the case would

3

involve a subpoena covering "all communications between the Office of the Governor employees or attorneys with Guam Regional Transit Authority." Answer at 2 (Oct. 6, 2023). Presiding Judge Lamorena explained that in the *Ybanez* case, his relationship with the Leon Guerrero family "might present the appearance of bias when ruling on whether communications directly from the Office of the Governor could be subpoenaed." *Id.* Presiding Judge Lamorena asserts this case does not pose a similar concern. He reasons:

> The facts and issues in this case are sufficiently different from those in [the *Ybanez* case] to remove any suggestion or appearance of bias on my part. This case revolves around whether sanitary permits were properly issued to schools. The decision to issue or not issue sanitary permits lies exclusively between [DPHSS] and the Guam Department of Education. This is not a decision that the Governor's Office has any input in. Unlike [the *Ybanez* case], subpoenaing and analyzing communications from the Governor's Office will not be a central issue in this case. Therefore, my relationship with Governor Leon Guerrero's family does not suggest or present the appearance of bias should I continue to rule on this matter.

*Id.* After Presiding Judge Lamorena issued his Answer, this disqualification challenge was referred to the undersigned.

**DISCUSSION**

1.     **Legal Standard**

Title 7 G.C.A. § 6105 provides the substantive grounds for judicial disqualification in Guam.[1] Under 7 G.C.A. § 6105(a), a judge shall disqualify himself from "any proceeding in which his or her impartiality might reasonably be questioned[.]" To determine whether a judge's impartiality might be questioned, "what matters is not 'actual bias,' but the 'appearance of

---

[1] The Renewed Objection does not state which subsection of 7 G.C.A. § 6105 is at issue here. Since Presiding Judge Lamorena disqualified himself in the *Ybanez* case because of "an appearance of bias and impropriety," the Court assumes the Renewed Objection is brought pursuant to 7 G.C.A. § 6105(a). Renewed Objection, Ex. B at 2.

4

bias.'" *Van Dox v. Superior Ct.*, 2008 Guam 7 ¶ 32 (quoting *Dizon v. Superior Ct.*, 1998 Guam 3 ¶ 10 n.3).

"Guam courts apply an objective, reasonable person standard in determining whether there is an appearance of bias meriting disqualification." *People v. Tennessen*, 2010 Guam 12 ¶ 49. The "reasonable person" in this analysis is someone "who knows all the facts, and understands the 'contexts of the jurisdictions, parties, and controversies involved,' including such 'realities of the Guam judicial system' as the relatively small number of lawyers in the Guam bar and 'the nature of Guam families.'" *Van Dox*, 2008 Guam 7 ¶ 32 (quoting *Ada v. Gutierrez*, 2000 Guam 22 ¶¶ 12-13). Accordingly, "the reasonable person is not 'hypersensitive or unduly suspicious,' but is a 'well-informed, thoughtful observer.'" *United States v. Sierra Pacific Industries*, 759 F. Supp. 2d 1198, 1203 (E.D. Cal. 2010) (quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)).[2]

"If there is a question as to the propriety of a judge remaining on a case, it is better to err on the side of caution and in favor of recusal." *Dizon*, 1998 Guam 3 ¶ 9. But with that said, "a party's unilateral perceptions of an appearance of bias cannot be a ground for disqualification." *Sule v. Guam Board of Dental Examiners*, 2008 Guam 20 ¶ 20 (quoting *Andrews v. Agricultural Labor Relations Board*, 623 P.2d 151, 158 (Cal. 1981)). Thus, "judges should not recuse themselves solely because a party claims an appearance of partiality." *Tennessen*, 2010 Guam 12 ¶ 49 (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)). Guam judges have "as strong a duty to sit when there is no legitimate reason to recuse as [they] do[ ] to recuse when the law and

---

[2] Because 7 G.C.A. § 6105 is taken from the federal disqualification statute, 28 U.S.C.A. § 455, federal courts' interpretation of the federal disqualification statute is instructive for the purpose of interpreting our own disqualification statute. *People v. Tennessen*, 2010 Guam 12 ¶ 25 (citing *Ada v. Gutierrez*, 2000 Guam 22 ¶ 12 n.2).

facts require." *Id.* (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (alterations in original)).

## 2.     Disqualification is Not Warranted

### A.     Presiding Judge Lamorena's Self-Assessment Receives Deference

In Guam, the appellate standard of review for judicial disqualification is abuse of discretion. *See Van Dox*, 2008 Guam 7 ¶ 15. It is therefore implicit that a judge has some discretion to determine whether his or her recusal is necessary. Many courts have echoed this conclusion. *See, e.g., In re Disqualification of Inderlied*, 48 N.E.3d 573 (Mem.) (Ohio 2015) (A judge's self-assessment of impartiality is "entitled to some weight."); *Philips v. State*, 271 P.3d 457, 464 (Alaska Ct. App. 2012) (holding "a judge's conclusion that they could remain fair and impartial is accorded great deference."); *see also State ex rel. Bates v. Rea*, 922 S.W.2d 430, 431 (Mo. App. 1996) (recognizing an appellate presumption that a judge will not hear a matter in which he cannot be impartial).

Here, Presiding Judge Lamorena has indicated that his relationship with Governor Leon Guerrero will not affect his ability to preside over this case. This merits some deference. As the First Circuit has explained:

> [In disqualification decisions], a rough continuum of sorts emerges from a study of the case law. At one end are situations in which the hypothesis of partiality is so compelling that the judge has no real choice but to recuse herself. At the other end are situations in which the hypothesis of partiality is so tenuous that the judge has no real choice but to sit. Between these two polar extremes lies a zone in which the district judge's discretion holds sway. If a case falls within this gray area, a court of appeals ought not to interfere.

*In re United States*, 158 F.3d 26, 31 (1st Cir. 1998) (citations omitted). The Court finds the presented issue of disqualification to fall within the "gray area" described above. Defendant's claim that a reasonable person might perceive bias due to Presiding Judge Lamorena's

relationship with the Leon Guerrero family is not overwhelming, given the analysis below, but neither is it entirely trivial, given that he did disqualify himself in the *Ybanez* case for that reason. Thus, Presiding Judge Lamorena's view that he can continue to preside over this case, while not dispositive, is entitled to "some weight" in the court's analysis. *Inderlied*, 48 N.E.3d at 573.

## B. Disqualification is Not Automatic Based on a Prior Disqualification

Defendant's Renewed Objection asserts that because Presiding Judge Lamorena disqualified himself in the *Ybanez* case, he must be disqualified in this case as well. To analyze this proposition, the Court must first determine how the *Ybanez* case disqualification affects the instant case.

The Court begins with the general principle that disqualification is a case-specific and fact-driven inquiry. *See, e.g., Nichols*, 71 F.3d at 351 (10th Cir. 1995) (judicial disqualification is "extremely fact driven and must be judged on [its] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence."); *In re United States*, 158 F.3d at 31 ("Typically, cases implicating [the federal judicial disqualification statute] are fact-specific, and thus *sui generis.*"); *McCullough v. Kitzman*, 50 S.W.3d 87, 89 (Tex. Ct. App. 2001) ("The determination of whether recusal is necessary must be made on a case-by-case fact-intensive basis.").

Applying this principle, a judge's prior disqualification in one case does not automatically disqualify the judge in another case. *See Jarp v. Jarp*, 919 So.2d 614, 617 (Fla. Ct. App. 2006) ("Prior recusals, without more, do not objectively demonstrate an appearance of partiality."); *Ex parte Rogers*, 218 So.3d 859, 866 (Ala. Ct. App. 2016) ("A person of ordinary prudence could recognize that the circumstances and conditions that required a judge to recuse

7

himself or herself in a case might not be present or applicable in a subsequent case"); *In re Commitment of Lewis*, 495 S.W.3d 341, 344 (Tex. Ct. App. 2016) (stating "that Judge Seiler has been recused in other cases is not dispositive" as to whether the same judge must be recused in the current case). Instead, the question is whether the specific grounds for disqualification alleged here are sufficiently similar to those alleged in *Ybanez*.

## C.     The Record Here is Distinguishable from the *Ybanez* Case Record

Defendant argues this case will present a similar basis for disqualification as in the *Ybanez* case because Defendant intends to put at issue "the actions of the Governor during the public health emergency caused by COVID-19"; "[t]he Governor's executive budget, and the allocation of resources among executive agencies, including DPHSS"; and "communications between the Governor's Office, DPHSS, and [the Office of the Attorney General]." Renewed Objection at 2-3. Defendant also asserts he will call "the custodian of record for the office of the Governor of Guam, relative to the Governor's actions during the relevant period in this matter," as a witness for other pending motions. *Id.* at 2. In response, Presiding Judge Lamorena's Answer asserts that "subpoenaing and analyzing communications from the Governor's Office will not be a central issue in this case." Answer at 2.

The Court cannot know, and will not speculate, how the case will develop in the future. The Court must instead confine its analysis to the record and the facts contained therein as it exists today. *See Cheney v. U.S. Dist. Court for Dist. Of Colombia*, 541 U.S. 913, 914 (2004) ("The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported."); *Earles v. Ahlstedt*, 591 So.2d 741, 746 (La. Ct. App. 1991) (review of disqualification request "must be limited to the record."). At this time, there are no facts in the record to corroborate Defendant's claims

regarding what *will be* at issue in the case. Defendant has not filed a witness list, so it is unclear whether anyone from the Office of the Governor will be called at trial. Defendant has not filed an exhibit list, so it is unclear whether or to what extent Office of the Governor communications will be implicated at trial. Defendant also claims that he will call the custodian of records for the Office of the Governor as a witness for certain motion hearings, but those hearings have not happened yet. While it is possible that issues involving the Office of the Governor may arise in the future, at this time they are hypothetical, and thus outside the Court's review.

By contrast, in the *Ybanez* case, Presiding Judge Lamorena did not disqualify himself merely on an allegation that communications with the Office of the Governor *would* be at issue. Instead, he disqualified himself because there existed a "subpoena covering all communications between the Office of the Governor employees or attorneys with [an executive agency]." Answer at 2. In other words, he disqualified himself because there was tangible evidence that the case would involve the Office of the Governor, thereby implicating his relationship with the Leon Guerrero family. Here, there is no similar subpoena or other tangible link between Defendant and Governor Leon Guerrero. This case is therefore distinguishable from the *Ybanez* case: while the issue requiring Presiding Judge Lamorena's disqualification in the *Ybanez* case was tangible and within the record of that case, the issue here is not. Since potential future grounds for disqualification are beyond the scope of this Court's review at this time, the Court will consider only those facts established in the record.

### D.    The Alleged Appearance of Bias is Not Clear and Indisputable

The Court recognizes the following undisputed facts: (1) Presiding Judge Lamorena has a close personal relationship with Governor Leon Guerrero and/or her family; (2) Governor Leon Guerrero is the head of the Executive Branch of the Government of Guam, and she appointed

9

Defendant to his position as Director of DPHSS; (3) DPHSS is a line agency within the Executive Branch; and (4) the core issue in this case is whether sanitary permits were properly issued to public schools; this will require examination of DPHSS and Guam Department of Education, another agency within the Executive Branch. These facts, taken individually or collectively, do not require the disqualification of Presiding Judge Lamorena because they do not create a "clear and indisputable" appearance of bias. *See In re Shimer*, 215 Fed. Appx. 149, 150 (3d Cir. 2009) (stating that the standard for the appellate court to disqualify the district court judge is whether he had a "clear and indisputable obligation to disqualify himself.").

Although Presiding Judge Lamorena has a relationship with the Leon Guerrero family, neither Governor Leon Guerrero nor her family members are parties to this case, and no party has identified her or her family members as potential witnesses. Based on the record at this time, Governor Leon Guerrero holds no more than a minor, indirect interest in the outcome of the case. This is not sufficient to create an appearance of bias; "friendship between the judge and a person with an interest in the case is not sufficient grounds to reverse a judge's failure to recuse." *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995) (citing *Vieux Carre Property Owners, Residents, and Associates, Inc. v. Brown*, 948 F.2d 1436 (5th Cir. 1991); *see also M.K. Metals, Inc. v. National Steel Corp.*, 593 F. Supp. 991, 995 (N.D. Ill. 1984) ("To my knowledge every federal court faced with arguments for recusal based on friendship have found recusal unnecessary.").

A reasonable person would not find that Presiding Judge Lamorena's friendship with the Leon Guerrero family creates a "clear and indisputable" appearance of bias at this time because Governor Leon Guerrero is not directly connected to this case. For that same reason, the other undisputed facts connecting Defendant to Governor Leon Guerrero—his employment within the

Executive Branch, his appointment to his current role at DPHSS, and the involvement of other Executive Branch agencies in the case—do not create a clear and indisputable appearance of bias either. A reasonable person would not assume Presiding Judge Lamorena is biased for or against an individual who works for an Executive Branch agency, or for or against the agency itself, simply because of his friendship with the head of the Executive Branch—especially when the head of the Executive Branch is neither a party nor a witness to the case. Thus, because Governor Leon Guerrero, her family, and the Office of the Governor are not directly implicated in this case at this time, Presiding Judge Lamorena's friendship with the Leon Guerrero family does not create an objective appearance of bias that warrants disqualification.

## CONCLUSION

For the foregoing reasons, Presiding Judge Lamorena's disqualification is not warranted under 7 G.C.A. § 6105(a) at this time. The Renewed Objection is therefore **DENIED**.

**SO ORDERED:** \_\_\_\_OCT 3 0 2023\_\_\_\_.

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

11